UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ZAFFERINE AMIT MCGILBRA,<br><br>        Plaintiff<br><br>v.<br><br>WASHOE COUNTY, et al.,<br><br>        Defendants | Case No.: 3:22-cv-00245-ART-CSD<br><br>**Report & Recommendation of**<br>**United States Magistrate Judge**<br><br>Re: ECF No. 30 |

This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is defendant Sheriff Darin Balaam's motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies. (ECF Nos. 30, 30-1 to 30-3.) Plaintiff filed a response. (ECF No. 41.) Sheriff Balaam filed a reply. (ECF No. 42.) Plaintiff then filed a sur-reply (ECF No. 43) which should be stricken because Plaintiff did not seek leave of court to file it and good cause does not exist for its filing. LR 7-2(g).

After a thorough review, it is recommended that Sheriff Balaam's motion be granted.

## I. BACKGROUND

Plaintiff is currently an inmate in the custody of the Nevada Department of Corrections (NDOC), however, the events giving rise to this action took place when he was an inmate in the custody of the Washoe County Detention Facility (WCDF). Plaintiff is proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Am. Compl., ECF No. 11.)

The court screened Plaintiff's amended complaint and allowed him to proceed with a Fourteenth Amendment conditions of confinement claim against defendant Sheriff Balaam, as

well as the John/Jane Doe Naphcare Supervisor at WCDF when Plaintiff learned that person's true name and obtained leave of court to substitute him or her as a defendant in this action. The claim is based on allegations that Sheriff Balaam failed to require that jail staff wear masks and sanitize their hands when interacting with inmates during the coronavirus pandemic, and that the Naphcare supervisor at WCDF failed to enforce those same protocols when medical staff interacted with inmates at the facility. Plaintiff did not timely seek to substitute the John/Jane Doe Naphcare supervisor in this action; therefore, the Fourteenth Amendment conditions of confinement claim against the John/Jane Doe Naphcare should be dismissed without prejudice.

Plaintiff was also permitted to proceed with a Fourteenth Amendment denial of adequate medical care claim against the John/Jane Doe medical staff member that allegedly told Plaintiff in the infirmary that he needed to file a medical kite to see a physician, when he learned of that person's identity and sought leave of court to substitute him or her as a defendant in this action. Plaintiff also did not timely seek to substitute a defendant in place of this John/Jane Doe defendant; therefore, the Fourteenth Amendment inadequate medical care claim should also be dismissed without prejudice.

Sheriff Balaam, who is the only named defendant, moves for summary judgment, arguing that Plaintiff failed to exhaust available administrative remedies in the jail before filing this lawsuit.

## II. LEGAL STANDARD

The legal standard governing this motion is well settled: a party is entitled to summary judgment when "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Cartrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)). An issue is "genuine" if the

evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A fact is "material" if it could affect the outcome of the case. *Id*. at 248 (disputes over facts that might affect the outcome will preclude summary judgment, but factual disputes which are irrelevant or unnecessary are not considered). On the other hand, where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *Anderson*, 477 U.S. at 250.

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted); *see also Celotex,* 477 U.S. at 323-24 (purpose of summary judgment is "to isolate and dispose of factually unsupported claims"); *Anderson,* 477 U.S. at 252 (purpose of summary judgment is to determine whether a case "is so one-sided that one party must prevail as a matter of law"). In considering a motion for summary judgment, all reasonable inferences are drawn in the light most favorable to the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citation omitted); *Kaiser Cement Corp. v. Fischbach & Moore Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). That being said, "if the evidence of the nonmoving party "is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249-250 (citations omitted). The court's function is not to weigh the evidence and determine the truth or to make credibility determinations. *Celotex,* 477 U.S. at 249, 255; *Anderson*, 477 U.S. at 249.

In deciding a motion for summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'… In such a case, the moving party has the initial burden of establishing

the absence of a genuine [dispute] of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rest., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party cannot establish an element essential to that party's case on which that party will have the burden of proof at trial. *See Celotex Corp. v. Cartrett*, 477 U.S. 317, 323-25 (1986).

If the moving party satisfies its initial burden, the burden shifts to the opposing party to establish that a genuine dispute exists as to a material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a genuine dispute of material fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (quotation marks and citation omitted). The nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Matsushita*, 475 U.S. at 587. Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine dispute of material fact for trial. *Celotex*, 477 U.S. at 324.

### III. DISCUSSION

**A. Rule 56(d)**

Plaintiff's response briefly states that he needs more time and discovery to have some of the facts and tools he needs to file motions or briefs.

"If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

"Rule 56(d) provides a 'device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence.'" *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018) (quoting *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002)). "A party seeking additional discovery under Rule 56(d) must 'explain what further discovery would reveal that is essential to justify [its] opposition to the motion[ ] for summary judgment.'" *Id.* (quoting *Program Eng'g, Inc. v. Triangle Publ'ns, Inc.*, 634 F.2d 1188, 1194 (9th Cir. 1980) (alterations original, quotations omitted).

Preliminarily, Plaintiff does not provide an affidavit or declaration in support of a request for additional discovery under Rule 56(d). In any event, Plaintiff does not explain what further discovery he needs to conduct or how it would assist him in opposing Sheriff Balaam's motion for summary judgment. This motion for summary judgment is solely brought on the basis that Plaintiff failed to exhaust his administrative remedies. Sheriff Balaam included every grievance Plaintiff filed during his stay in the jail as an exhibit to the motion. Therefore, Plaintiff has access to the universe of documents relevant to Plaintiff's exhaustion. Plaintiff does not argue that he needs to conduct additional discovery to show that administrative remedies were somehow unavailable to him. In fact, his grievance history directly refutes any such argument because, as will be discussed *infra*, it demonstrates the grievance process was available to him and he readily took advantage of it throughout his time at WCDF.

For these reasons, Plaintiff's request for additional discovery under Rule 56(d) should be denied.

## B. Exhaustion

### 1. Exhaustion under the PLRA

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). An inmate must exhaust his administrative remedies irrespective of the forms of relief sought and offered through administrative avenues. *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The failure to exhaust administrative remedies is "'an affirmative defense the defendant must plead and prove.'" *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (quoting *Jones v. Bock*, 549 U.S. 199, 204, 216 (2007).

"If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56. If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts [in a preliminary proceeding]." *Id.*, 1168, 1170-71 (citations omitted).

Once a defendant shows that the plaintiff did not exhaust available administrative remedies, the burden shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* at 1172 (citing *Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n. 5 (9th Cir. 1996)); *Draper v. Rosario,* 836 F.3d 1072, 1080 (9th Cir. 2016) (inmate plaintiff did not meet his burden when he failed to identify any actions prison staff took that

impeded his ability to exhaust his administrative remedies, or otherwise explain why he failed to comply with the administrative remedies process)). The ultimate burden of proof, however, remains with the defendant. *Id*.

An inmate need only exhaust "available" administrative remedies. *See Ross v. Blake*, 136 S.Ct.1850, 1858 (2016).

**2. Exhaustion at WCDF**

WCDF's grievance procedure is set forth in the WCDF handbook. An inmate is required to attempt to informally resolve his issue with the housing unit deputy. If that is unsuccessful, the inmate is required to complete an inmate grievance on the kiosk, and the housing deputy will review and answer the grievance and/or forward it to the housing sergeant. The inmate should receive a response within seven days on the kiosk. If the issue is not resolved, the inmate must submit a response to the housing unit deputy, who will forward it to the sergeant, who will make a determination within seven days. If the issue is still not resolved, the inmate may complete another grievance on the kiosk, which will be forwarded to the operations lieutenant for review. The operations lieutenant's decision is the final decision on the issue. (ECF No. 30-2 at 16.)

**3. Plaintiff Failed to Exhaust Available Administrative Remedies**

Sheriff Balaam submits Plaintiff's entire grievance history as an exhibit to his motion for summary judgment. (ECF No. 30-3.) Plaintiff filed grievances on a host of issues nearly every month during his time at WCDF. However, Plaintiff did not file a single grievance regarding the use of masks or hand sanitizer in response to the COVID-19 pandemic at WCDF.

In his response, Plaintiff states he "somewhat agrees" that he did not exhaust administrative remedies regarding the personal protective equipment (PPE) issue (*i.e.*, masks and

hand sanitizer). Instead, Plaintiff argues that he did exhaust administrative remedies regarding COVID-19 practices at the jail.

Plaintiff points to a grievance submitted on April 22, 202, where he said he was grieving on behalf of Unit 8 that they wanted new people tested for COVID-19 for their safety. He was advised that the medical department pre-screens everyone when they first come in, and everyone is held in intake housing units in case anyone develops symptoms. Plaintiff then asked to see the procedures in writing. He was advised that the sheriff and staff were well prepared and taking everything related to COVID-19 seriously. Plaintiff asked how new arrivals were tested. He was assured that every individual was medically screened prior to entering the facility, including all arrested individuals and personnel. (ECF No. 41-8.)

While the grievance asks about testing for COVID-19 at WCDF, this grievance makes no mention of masking or hand sanitizer. A grievance is sufficient "if it alerts the prison to the nature of the wrong for which redress is sought." *Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010) (citation and quotation marks omitted). Plaintiff's grievance regarding testing for COVID-19 does not put the jail on notice that Plaintiff believed they were deficient with respect to masking and the use of hand sanitizer.

Plaintiff filed several grievances asking for copies of COVID-19 policies, about his medical bills related to his hospitalization for COVID-19, and asking to be vaccinated for COVID-19, but he never raised the issue of masks or hand sanitizer.

Plaintiff also mentions that he contracted COVID-19 and was hospitalized for a period of time. It is unclear whether Plaintiff is trying to argue that administrative remedies were unavailable to him as a result of his hospitalization, but if that is his intent, that is completely

belied by the record. Plaintiff filed grievances in almost every month of his stay at WCDF. The grievance procedure was available to him, and he readily took advantage of the process.

In sum, Plaintiff did not exhaust available administrative remedies before filing this action; therefore, defendant Balaam's motion for summary judgment should be granted.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order

(1) **STRIKING** Plaintiff's sur-reply (ECF No. 43);

(2) **DENYING** Plaintiff's request under Rule 56(d);

(3) **DISMISSING WITHOUT PREJUDICE** the Fourteenth Amendment conditions of confinement claim against the John/Jane Doe Naphcare supervisor;

(4) **DISMISSING WITHOUT PREJUDICE** the Fourteenth Amendment inadequate medical care claim; and

(5) **GRANTING** Sheriff Balaam's motion for summary judgment (ECF No. 30) and entering judgment in Sheriff Balaam's favor and closing this case.

The parties are advised:

1. They may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

///

///

///

2. This Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: September 1, 2023

_____
Craig S. Denney
United States Magistrate Judge