UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ZAFFERINE AMIT MCGILBRA,<br><br>    Plaintiff,<br>    v.<br>WASHOE COUNTY, *et al.*,<br><br>    Defendants. | Case No. 3:22-cv-00245-ART-CSD<br><br>ORDER |

## I. SUMMARY

*Pro se* Plaintiff Zafferine Amit McGilbra brings this action under 42 U.S.C. § 1983 against Defendant Sheriff Darin Balaam and other Doe Defendants alleging two Fourteenth Amendment claims arising from Plaintiff's time at the Washoe County Detention Facility: 1) a conditions of confinement claims based on Defendant Balaam and other's alleged failure to require staff to wear masks and use hand sanitizer during the COVID-19 pandemic; and 2) a denial of adequate medical care claim based on Doe Defendants' alleged failure to allow him to see a physician. Plaintiff did not timely substitute named Defendants in place of Doe Defendants, so the only remaining claim is the conditions of confinement claim against Defendant Balaam.

Before the Court is a Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Craig S. Denney (ECF No. 53), recommending the Court grant Defendant's Motion for Summary Judgment based on failure to exhaust (ECF No. 30). Plaintiff filed an objection to the R&R (ECF No. 58 ("Objection")), and Defendant responded (ECF No. 59). Because the Court agrees with Judge Denney's analysis as to Defendant's Motion, the Court will adopt the R&R in full. Accordingly, the Court will grant Defendant's Motion for Summary Judgment.

## II. BACKGROUND

The Court incorporates by reference Judge Denney's recitation of the relevant factual background and procedural history, which the Court adopts from the R&R. (ECF No. 53 at 1-2.)

## III. LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Here, the Court's review is de novo on the issues raised in Plaintiff's Objection. In his Objection, Plaintiff argues that Judge Denney incorrectly determined that he failed to exhaust administrative remedies for his claim.

## IV. DISCUSSION

For the failure to exhaust defense, a defendant's burden is to prove (1) there was an available administrative remedy, and (2) plaintiff did not exhaust that remedy. *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014). The burden shifts to the plaintiff "to come forward with evidence showing that there is something

in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.*

Here, Plaintiff does not argue that administrative remedies were unavailable to him. Instead, Plaintiff contends that he exhausted his administrative remedies and Judge Denney incorrectly concluded otherwise. The Court finds that Judge Denney correctly concluded that Plaintiff failed to exhaust his administrative remedies.

Plaintiff's conditions of confinement claim is based on his allegation that Defendant Balaam failed to require jail staff to wear masks and sanitize their hands when interacting with inmates during the COVID-19 pandemic. (ECF No. 11 at 6.) The record reflects that Plaintiff never filed a grievance referencing those complaints. Plaintiff argues that a grievance requesting that jail staff test new people in his unit was sufficient to exhaust his claim in this case, but this grievance did not put the jail "on adequate notice of the problem for which the prisoner seeks redress." *Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010). The Court therefore agrees with Judge Denney and finds that Plaintiff failed to administratively exhaust his claim.

**V.  CONCLUSION**

It is therefore ordered that Plaintiff's Objection (ECF No. 58) to the Report and Recommendation of U.S. Magistrate Judge Craig S. Denney is overruled. The Report and Recommendation (ECF No. 53) is therefore adopted in full.

It is further ordered that Defendant's Motion for Summary Judgment (ECF No. 30) is GRANTED.

It is further ordered that Plaintiff's sur-reply is stricken (ECF No. 43).

It is further ordered that Plaintiff's request under Rule 56(d) is denied.

It is further ordered that the Fourteenth Amendment conditions of confinement claim against the John/Jane Doe NaphCare supervisor is DISMISSED without prejudice.

It is further ordered that the Fourteenth Amendment inadequate medical care claim is DISMISSED without prejudice.

It is further ordered that the Clerk ENTER JUDGMENT in favor of Defendant and CLOSE this case.

DATED THIS 29th day of March 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE